UNITED STATES of America,
Plaintiff-Appellee.

v.

Clarence JACKSON, Defendant-
Appellant.

No. 925, Docket 74–1429.

United States Court of Appeals,
Second Circuit.

Argued July 15, 1974.

Decided Oct. 29, 1974.

Robert H. Kiernan, New York City (Lenefsky, Gallina, Mass & Hoffman and Jeffrey C. Hoffman, New York City, of counsel), for defendant-appellant.

Paul B. Bergman, Asst. U. S. Atty., New York City (David G. Trager, U. S. Atty., James R. Watson, Asst. U. S. Atty. and Harry C. Batchelder, Sp. Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Before WINTER * and MULLIGAN, Circuit Judges, and NEWMAN, District Judge.**

PER CURIAM:

Convicted of knowingly and intentionally making a false material declaration before a special grand jury on December 13, 1972, in violation of 18 U.S.C. § 1623, defendant appeals assigning as error (1) that the government failed to establish the materiality of the allegedly false declaration and (2) that rulings of the district court unduly and prejudicially restricted his right to put into evidence relevant portions of the transcript of the grand jury proceeding out of which the accusation against him arose. Defendant also advances contentions that the prosecutor's summation infringed defendant's fifth amendment right not to testify and that the sentence imposed on him was excessive.

During argument counsel for the government was interrogated about a possible variance between the indictment and the government's proof, an issue not briefed, and leave was granted the government to supplement its views on this aspect of the case. In exercise of this permission, the government has advised us that it has reconsidered its entire position in the case, that it confesses error in the exclusion of all of the grand jury testimony sought to be presented by defendant as urged by the government at trial, that such error is reversible error, and that defendant should be granted a new trial at which the government expects to make a more persuasive demonstration of the materiality of the alleged untruths.

We accept the government's concession; and it obviates the necessity of further discussion of the issues. Accordingly the judgment entered on the conviction is reversed and the cause remanded for a new trial. We intimate no views as to the admissibility of the entire grand jury transcript. Rather the district court shall rule on the admissibility of the portions offered in light of the government's changed position, the rules of evidence and its sound discretion.

Reversed with new trial.

* Of the United States Court of Appeals for the Fourth Circuit, sitting by designation.

** Of the United States District Court for the District of Connecticut, sitting by designation.